DORIS D. HAVEMEYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104576. Promulgated October 10, 1941.

*William M. Sperry, 2nd, Esq.,* for the petitioner.
*George R. Sherriff, Esq.,* for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,311.19 in income tax for 1937. The Board adopts the stipulation of the parties as its findings of fact.

The petitioner filed her individual return for 1937 in the second district of New York. She was one of four equal owners of a bond and mortgage secured by real estate in New York. The mortgage was foreclosed in 1937 because the mortgagor was in default. Judgment was obtained and the property was sold in 1937 to the mortgagees for $15,500. The fair market value of the property at that time was $12,000. The court determined a deficiency due to the mortgagees in the amount of $6,349.09, of which $2,014.41 represented interest. The deficiency was not collectible. The petitioner claims the right to deduct $1,083.67 (her share of the deficiency after eliminating interest) as an ordinary loss.

The Commissioner, in determining the deficiency, disallowed "Foreclosure loss—$1,050.34" and explained that "The loss of $1,500.49, sustained upon the foreclosure of property * * * is

deductible in the amount of $450.15, as provided by section 117 of the Revenue Act of 1936." His figures are not explained in the record, but he contends now that the loss of $1,083.67 was a capital loss within sections 23 (j) and 117 (a), although he fails to point out just what capital asset of the petitioner was sold or exchanged at that loss. Cf. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *Bingham* v. *Commissioner*, 105 Fed. (2d) 971; *James R. Stewart*, 39 B. T. A. 87; *Charles T. Carlson*, 39 B. T. A. 185; *John H. S. Lee*, 42 B. T. A. 920; affd., 119 Fed. (2d) 946.

The petitioner accepts the bid price as the amount received on the debt and makes no claim for the larger loss measured by the fair market value of the property. Cf. *Bingham* v. *Commissioner, supra; Commissioner* v. *Spreckels*, 120 Fed. (2d) 517; *Hottel* v. *Nicholas*, —— Fed. Supp. —— (July 23, 1941). She was owed a debt before foreclosure. She held, as evidence of that debt, a bond and mortgage. They were capital assets which she could have sold or exchanged, but she did neither. Cf. *Ralph Perkins*, 41 B. T. A. 1225, 1231. Instead, she pursued the property securing her debt and forced its sale through foreclosure. She credited the bid price to the debtor, but it did not cancel the debt in full. A deficiency was left, a debt still due her. It was worthless. She knew that and claimed a deduction on her return for her share of the deficiency, excluding the interest. Thus her acts were sufficient to entitle her to a deduction under section 23 (k) for a debt ascertained to be worthless and charged off during 1937.

The parties have cited no case on all fours. Cases involving a loss by the owner of real estate, through foreclosure, threat of foreclosure, or tax sales, are not the same as this case. See cases cited above. The taxpayers in those cases actually exchanged their property or had it sold for them by sovereign authority. Here the taxpayer was owed a debt which was never sold or exchanged but was simply unpaid and ascertained to be worthless.

*Decision will be entered under Rule 50.*